## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff,*

  vs.

$96,935.00 IN UNITED STATES
CURRENCY, More or less,

     *Defendant.*

Case No. 17-1230-EFM

## MEMORANDUM AND ORDER

This matter is before the Court on the motion filed on behalf of Jonathan Querisma, who advances a claim against the subject property, which was forfeited to the United States in 2017. (Doc. 14). The Court finds Movant lacks standing to present any claim, and denies the motion.

### I.      Factual and Procedural Background

On July 19, 2017, Kansas Highway Patrol Trooper Brant Birney stopped a 2016 Nissan for a traffic offense.  During the course of the stop, Trooper Birney received a report that the car, driven by Tyler Richardson and occupied by passenger Kareem Mitry, was reported stolen in Alabama.  A search of the car revealed $96,935.00 in U.S. currency, which was seized by officers at the scene.  Both Richardson and Mitry told a Highway Patrol investigator that they had no knowledge of the currency seized from the car. They never mentioned Querisma (or his alternative name Charisma Mufasa).

The Government filed a civil judicial forfeiture complaint against the currency on September 5, 2017, alleging it represented the proceeds of controlled substance violations.

On September 18, 2017, the United States Marshal forwarded direct notice of the forfeiture proceeding to Richardson and Mitry, as well as James Holt, the registered owner of the vehicle.  On November 8, 2017, the United States certified to the Court that it had published notice of the forfeiture proceeding on the government's website, forfeiture.gov, for 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The Government requested entry of default on November 20, 2017, and the Clerk entered default against all parties three days later.  The Government moved for default judgment and an order of forfeiture under Fed. R. Civ. P. 55(b)(2). The Court ordered entry of default judgment and final order of forfeiture on November 27, 2017.

## II.      Analysis

The Government agues that service by publication was appropriate under Supplemental Rule G(4), as it had never received any notice that Querisma might have any potential claim to the subject currency.  Under Special Rule G, Movant Querisma lost any ability to challenge the forfeiture when he filed no claim before the November 5, 2017 deadline. The Government argues that Movant lacks standing to challenge the forfeiture after a four year delay,

In his Reply, Querisma repeats the allegation that "[t]he currency is rightfully his  . . . and what he has worked hard for."  He promises that he will produce documents which will "legitimize the currency," and asserts that the "legitimacy [of the traffic stop] is strongly in question" because no narcotics were found in the vehicle.  And he argues that the Court may

grant relief under Fed. R. Civ. P. 60(d)(2), as he was not given personal notice of the forfeiture, or under Rule 60(b)(2) for newly discovered evidence.

Rule 60(d)(2) is not an affirmative grant of power for the Court to grant relief from judgment, based on a lack of personal notice, in all civil actions.  Rule 60(d)(2) "merely confirms a district court's power to grant relief under 28 U.S.C. § 1655 [which] applies to actions to enforce a lien or claim to property, or to remove an encumbrance or cloud on title to property."[1] Rule 60(d) is not "an affirmative grant of power" for the Court to grant relief from judgment.[2] And in any event, the power to grant relief for a lack of personal notice under the linked statute only exists "within one year after final judgment."[3]

Rule 60(b)(2) provides that the court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  To set aside a default judgment under Rule 60(b), the movant must show "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment."[4]  The Government argues that none of the required elements is present.  For example, it argues that Movant fails to offer any plausible reason for failing to seek relief for four years.  Querisma's motion in fact alleges that "[d]ue to a series of unfortunate events [including his being shot] and severe tour scheduling," he was "unable to claim the money back *immediately*" (emphasis added)—implying he knew of the forfeiture

---

[1] *Inland Concrete Enterp. v. Kraft*, 2017 WL 11573694, at *3 (C.D. Cal. 2017).

[2] *Id.*

[3] 28 U.S.C. § 1655.

[4] *United States v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887 (10th Cir. 2013) (internal quotation and citation omitted).

shortly after Richardson and Mitry failed to arrive at their destination with the money.  Similarly, the Government argues that it would be prejudiced in responding to any claim after such a delay, as it has disposed of all the evidence from the traffic stop.

The Court need not resolve the separate issue of whether Movant might be entitled to relief under Rule 60(b), because he in any event lacks standing to seek relief.[5]  In civil *in rem* forfeiture cases, the plaintiff is the United States and the defendants are the property.[6]  A claimant in an *in rem* forfeiture case is not a defendant.[7]  To intervene and contest a forfeiture, a potential claimant must establish both constitutional Article III standing, and statutory standing.[8]  "Standing is a threshold issue on which the claimant bears the burden of proof in every civil forfeiture case."[9]

Constitutional standing requires the claimant have a "colorable ownership, possessory or security interest in at least a portion of the defendant property."[10]  Statutory standing requires a claimant to comply with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[11]

Supplemental Rule G(5)(a)(i) includes a verification requirement under which a claimant signs the claim under penalty of perjury.  Thus, the claimant must show under oath or affirmation

---

[5] *$285,350.00 in U.S. Currency*, 547 F. App'x at 888 (recognizing standing as a separate issue).

[6] *See, e.g. United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 645 (7th Cir. 2013).

[7] *Id*. at 646.

[8] *U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 561 n.10 (7th Cir. 1988).

[9] *United States v. Defendant No. 1: $20,000.00*, 2011 WL 836754, at *1 (D. Kan. 2011) (citing *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir.2004)).

[10] *United States v. $31,000*, 872 F.3d 342, 348 (6th Cir. 2017).

[11] *United States v. Approximately Twenty Mexican Gold Coins*, 637 F. Supp. 2d 957, 957 9 (D. Kan. 2009) . *See also United States v. All Funds on Deposit with R.J. O'Brien & Assocs*., 783 F.3d 607, 618 (7th Cir. 2015).

that he or she has an interest in the property and is entitled to contest forfeiture.  The verification requirement is of particular importance "because it helps prevent the danger of false claims in forfeiture proceedings."[12]  The requirements of the Supplemental Rules "exist to 'force claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay, and to minimize the danger of false claims by requiring claims to be verified or solemnly affirmed.' "[13]  The Tenth Circuit has characterized the Supplemental Rules as "procedural imperatives."[14]

The procedural requirements of the Supplemental Rules are sufficiently serious that Rule G(8)(c)(ii)(B) expressly "authorizes the government to move to strike a claim on the ground that the claimant 'can[not] carry the burden of establishing standing by a preponderance of the evidence.' "[15]  The Government may do so in the form of either "a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."[16]

Here, the Government has not moved to strike Querisma's motion because he has never even attempted to comply with the Supplemental Rules.  Querisma's Reply makes no mention of the issue of standing, and merely repeats the claim that the money is "rightfully" his.  The Reply includes an affidavit, not by Querisma but by Mitry, who merely states that he was "unaware of

---

[12] *$31,000*, 872 F.3d at 347, 351.

[13] *Id*. (quoting *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003)).

[14] *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008) (citing *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n. 9 (3d Cir. 2003).

[15] *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 652 (7th Cir. 2013).

[16] Suppl. R. G(8)(c)(ii)(B).

any of the details surrounding the money that was in the vehicle."  Querisma himself has not presented any verified statement under penalty of perjury stating ownership of the subject property.

And any such statement now would be too late.  Under the Supplemental Rules, a *timely* verified claim is required.[17]  "[S]trict compliance with the Rule forces claimants to come forward as quickly as possible after the initiation of forfeiture proceedings so that the court may resolve the dispute without delay and it minimizes the danger of false claims."[18]  Under Supplemental Rule G(f)(b)(ii)(B), timeliness requires submission of a verified claim with 35 days of the publication of notice.  Movant's four year delay in presenting a claim is not substantial compliance, and he lacks standing to seek relief.

**IT IS THEREFORE ORDERED** that Movant's "Motion to Reconsideration" (Dc. 14) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of March, 2022.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[17] *United States v. Land, Real Prop. Located at 1369 Madrid Street, New Orleans*, 2021 WL 5232472, at *2 (E.D. La. 2012).

[18] *Id.* (internal quotation and citation omitted).